State
*v.*
Kittle et al.

</div>

## MEMORANDUM.

### BALDWIN'S CASE.

AT this term the Grand Jury came into Court, and stated by their foreman, that a complaint had been exhibited to them, charging. *Silas Baldwin*, one of their fellows, with an offence. That they considered it improper to proceed in the examination of witnesses in the presence of the person accused. That they had desired him to retire, but that he had declined, and requested the Court to order him to retire during this particular investigation.

The Court have no power to order a Grand Juror to withdraw himself from the panel in any *particular* case.

<div style="margin-left-note">Baldwin's Case.</div>

*Curia.* The Court consider that a Juror, circum-stanced as *Silas Baldwin* is, would willingly with-draw himself during an investigation in which he is so deeply interested. But the Court do not consider themselves as having power to order a Grand Juror to withdraw himself from the panel in any particular case. The statute provides, that there shall be eigh-teen Grand Jurors summoned; and if they do not all appear, it is the constant practice of the Court to fill the panel by *tales,* while twelve of them can find a bill of indictment. This surplusage is design-ed to guard against the injury to public justice which might arise if it were necessary that the whole panel should unite in a presentment, as a Petit Jury must in a verdict. In such case the self-interested or the near relative might prevent an indictment. In the present case no serious injury can arise to the govern-ment from the personal presence of the accused. The Jury will proceed in their duty, and it will be their concern to see that the Juror's conduct, which is cer-tainly calculated to impress an unfavourable opinion of him, does not enter into their decision upon his case.

The Grand Jury presented a bill of indictment against *Silas Baldwin,* and the next term he was con-victed by verdict of the Petit Jury.