State *v.* Symonds.

## (*) STATE *versus* SYMONDS.

It is by the mandate of the *statute*, and not by order of the *Court*, that grand jurors are drawn, summoned and returned.

If, in the trial of causes, there be not present a competent number of *traverse* jurors, the statute gives authority to the Court to issue venires for enlarging the number.

But in case of a deficiency in the number of *grand* jurors, the Court has no such authority.

Persons added to the grand jury by virtue of a venire, issued by order of the Court in term time, are not legally members of such jury.

If, on motion in writing, in the nature of a plea in abatement, it appear that, in finding a bill of indictment there could not have been a concurrence of so many as twelve lawful grand jurors, the accused cannot lawfully be required to plead to the indictment, or be put upon trial.

Such an objection to the indictment is not too late, though not taken till the arraignment of the prisoner.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

At a Court held in May, 1853, by adjournment from the March Term, 1852, a bill of indictment was presented to the Court, certified by D. S., as foreman, charging that the defendant had in his possession, at one time, ten counterfeit and forged bank bills, each of the denomination of three dollars, purporting to be signed in behalf of the President, Directors and Company of the Medomak Bank, and to have been issued by said Bank, he at the same time well knowing the same to be forged and counterfeit, and intending to utter and pass the same as true, &c.

The defendant being arraigned, and having had the indictment read to him, replied in writing, *that* he ought not to be held to answer to the indictment, because it was not found by

any twelve grand jurors, lawfully selected, empaneled and sworn; *that* prior to the term of the Court, held in October, 1852, *venires* were duly issued for the drawing of thirteen grand jurors; *that* pursuant to said *venires* that number of persons, [naming them] were duly selected, to continue in that office for the term of one year; *that* they appeared before the Court at said term, and were then and there duly sworn and empaneled as the grand jury for one year; *that* at the term, by adjournment, in May, 1852, when the indictment was found and returned, eleven only of those grand jurors were present; *that* at that term three other and different persons, [naming them] were associated with the said eleven grand jurors; and *that* it was by a pretended grand jury, thus constituted, that the indictment was found and returned. Wherefore he prayed judgment of the indictment, and moved that the same be quashed.

To this motion, presented in the nature of a plea in abatement, the prosecuting officer made replication in substance, *that* at the said term in May, two of the original grand jurors were absent, the one having left the State for a residence in Australia, and the other having removed and taken up his residence in another county of the State; *that* thereupon the Court issued a new *venire* for the drawing of three other grand jurors, who having been duly appointed under that *venire*, appeared in Court, and were duly sworn and, with the said eleven, were empaneled as the grand jury; and *that* it was by the grand jury, thus duly and lawfully constituted that the indictment was found and returned.

The statements of the motion and of the replication, not being in conflict, the defendant was directed to answer over to the indictment, and he thereupon pleaded that he was not guilty.

A trial was then had, and a verdict was returned against him. Whereupon he moved that judgment be arrested, for the reasons already presented in his motion above stated.

The motion was overruled. To that overruling he excepted.

State *v.* Symonds.

*Stewart,* County Attorney, for the State.

At common law, both grand and traverse jurors were summoned by order of the Court. If there were no statute, it is therefore plain that the formation of the grand jury was a legal one.

The statute, whose exact language is so much relied on by the defendant, was but directory. 5 Sm. & Marshall, Mississippi, 654; 2 Cush. 149.

Suppose a grand jury duly constituted of fifteen, and four of them die, must the county be without any administration of criminal law?

By the law, a grand juror may be challenged. Suppose the challenge reduce the number to less than twelve. 2 Pick. 563; 9 Mass. 109.

After an indictment has been read, the mode of constituting the grand jury is not open to inquiry. The defendant by his counsel was present in Court during the proceedings of the grand jury, and took no exceptions. A party having opportunity to object and not choosing to object, waives the right. 15 Mass. 205; 5 Greenl. 333; 3 Greenl. 215; 4 Wend. 675; 1 Pick. 43, and note; 5 Mass. 435

*J. S. Abbott* and *Leavitt,* for the defendant.

HOWARD, J. — Every indictment must be found by a grand jury legally selected, and duly constituted, and competent for the purpose. Such jury must be composed of not less than twelve, nor more than twenty three, "good and lawful men;" and the concurrence of twelve, at least, of the panel, is necessary to the finding of an indictment. These are doctrines of the common law, which we have adopted in criminal proceedings. Our constitution requires that "the Legislature shall provide by law a suitable and impartial mode of selecting juries, and their usual number and unanimity, in indictments and convictions ·shall be held indispensable." Art. 1, § 7. The Legislature has prescribed the qualifications of jurors, and the mode of selecting and returning them, in chapter 135 of the Revised Statutes. It is made the imper-

ative duty of the clerks of the Courts, in the respective counties, to issue *venires* to the constables of towns, forty days before the second Monday of September, annually, directing them to cause the required number of grand jurors to be drawn, in towns specified, in the manner prescribed by statute, §§ 10 – 14; Act of 1842, c. 246, § 18. In performing these duties the clerk is an officer of the law, and acts under the mandate of the statute, and not by directions or authority of the Court, as one of its officers. So, grand juries, which are instituted as accessories to the criminal jurisdiction of the Court, are not drawn, summoned, or returned, by authority of the Court, or, of any of its officers acting in that relation.

The Legislature has required that grand juries shall be selected and returned in the same manner as juries for trial; and in respect to the latter, has authorized the Court to complete the panel, when a sufficient number of the jurors duly drawn and summoned, cannot be obtained for the trial of a cause, by causing jurors to be returned from the by-standers, or from the county at large; and in term time, to issue *venires* for as many as may be wanted. But in regard to the former, it has conferred no power upon the Court, to complete a deficient panel, by causing jurors to be returned *de talibus circumstantibus*, or in any other manner. The whole subject is within the control of the Legislature; they may give to the Court the same power, as to both juries, to complete a deficient panel, or withhold it; but unless it be given, it cannot be lawfully exercised.

In some of the States the Courts have legislative authority for ordering grand jurors to be returned from the by-standers. Burr's trial, 1, 37; where such jurors were returned, in the Circuit Court of the United States, *de talibus circumstantibus*, under the State laws of Virginia. The laws of Alabama and Mississippi, it is understood, authorize similar proceedings. In Massachusetts, in case of a deficiency of grand jurors in any Court, writs of *venire facias* may be issued by order of Court,

to cause such further number as may be required, to be returned forthwith, as grand jurors.    R. S. Mass. c. 136, § 4.

It is admitted, and it also appears by the record, that, at the term when the indictment, in this case was found, the grand jury, which was empaneled at the preceding term to serve for a year, and then consisted of thirteen, had been reduced to eleven members.   To supply the deficiency, three other persons were drawn and returned on a writ of *venire facias*, which issued during the term, by order of Court. These persons were sworn, and charged as grand jurors, and added to the panel; and acted in finding this bill.   But as their selection for the purpose, was not in conformity to laws of this State, they constituted no part of a legal grand jury. Consequently, the indictment could not have been found by at least twelve lawful jurors, and is void and erroneous at common law; and in the spirit and language of an Act of Parliament, (11 H. 4,) should be "revoked and forever holden for none."   2 Hale, 155; Hawk. b. 2, c. 25, § 16; 3 Inst. 32; 4 Black. Com. 302; 1 Chitty's Crim. Law, 306; *Commonwealth* v. *Smith*, 9 Mass. 107; *Low's* case, 4 Maine, 439.

Upon the authority of the case last cited, the objection, that the indictment was found by less than twelve grand jurors, taken on motion in writing, in the nature of a plea in abatement, at the arraignment of the prisoner, was in season, and available.   The remarks of the learned Judge, in *Commonwealth* v. *Smith*, that "objections to the personal qualifications of jurors, or to the legality of the returns, are to be made before the indictment is found," cannot be received as law, to their full extent.   *Commonwealth* v. *Parker*, 2 Pick. 563; *Low's* case, 4 Maine, 448, 449; 1 Chitty's Crim. Law, 307.

*Judgment arrested.*

SHEPLEY, C. J., and RICE, J., concurred.