## STATE VS. COLE.

Under sec. 1, ch. 118, R. S., a qualified elector of this state who is not also a citizen of the United States is not qualified to serve as a grand juror.

Where one of the grand jury by which an indictment was found was not a citizen of the United States, the court erred in refusing to quash the indictment on that ground, and also erred in afterwards overruling a plea in abatement for the same cause.

APPEAL from the Circuit Court for *Winnebago* County.

*Whittemore & Weisbrod*, for defendant.

*The Attorney General*, for the state.

*By the Court*, DIXON, C. J.　This case comes up upon exceptions alleged by the defendant pursuant to section seven of chapter 180 of the Revised Statutes. One of the grand jurors by whom the indictment was preferred, was not a citizen of the United States. He was an alien born, who had declared his intentions to become a citizen, in accordance with the laws of congress, and assumed the privileges of citizenship of this state, but had not yet become a citizen of the United States. The defendant first moved to quash the indictment for this among other reasons. The motion was overruled upon this point, and one count of the indictment sustained, upon which the defendant was subsequently convicted. To the decision overruling the motion exception was duly taken. After the motion was overruled, the defendant plead the same fact in abatement. The district attorney demurred to the plea, and the demurrer was sustained. To this the defendant also excepted. The objection is therefore saved in two forms, either of which is doubtless sufficient. *Byrne vs. The State*, 12 Wis., 523–4, and cases cited; *Newman vs. The State*, 14 Wis., 393. As we think this objection fatal to the indictment, we pass by the numerous other objections urged by counsel. It was the opinion of this court, clearly indicated in *Schumaker vs. The State*, 5 Wis., 324, that persons not citizens of the United States are disqualified to serve as jurors. Indeed the phrase-

ology of the statute is such that we do not conceive the question at all doubtful. "All persons who are citizens of the United States, and qualified electors of this state, shall be liable to be drawn as jurors, except as hereinafter provided." R. S., ch. 118, sec. 1. And the distinction between a citizen of the United States and a citizen of this state is clearly recognized in *Wehlitz's Case*, 16 Wis., 443, referred to by the attorney general. For some purposes the citizen or "qualified elector" of this state is regarded as invested with all the privileges and corresponding burdens incident to citizenship of the United States, but for others he is not. The statute qualification for a juror is that he shall be a citizen of the United States as well as a citizen or "qualified elector" of this state. The indictment should therefore have been quashed, and the cause must be remanded with directions accordingly.