## Case No. 15,294.

### UNITED STATES v. HAMMOND et al.

[2 Woods, 197.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

STATUTES — REVISION — MISTAKE — ENACTMENT — GRAND JURY—DISQUALIFICATION—CRIMINAL PRACTICE—PLEA IN ABATEMENT.

1. Although the provisions of section 820, Rev. St. U. S., were not in force on the first day of December, 1873, and that section seems to have been included in the Revision by mistake, it has nevertheless been re-enacted by congress, and is a part of the law of the land.

2. The presence of one disqualified person upon the panel of a grand jury vitiates the indictments found by it.

[Cited in Richards v. State, 22 Neb. 149, 34 N. W. 346. Cited in brief in State v. Cox, 52 Vt. 472. Cited in Watson v. Com. (Va.) 13 S. E. 24.]

3. Section 820, Rev. St. U. S., prescribes an absolute disqualification for the causes therein mentioned of grand and petit jurors, and it does not rest in the discretion of the court or with the United States attorney to decide whether the rule of disqualification shall be applied or not.

[Cited in U. S. v. Reeves, Case No. 16,139.]

4. The federal courts on questions of criminal practice, not regulated by act of congress, are governed by the common law.

[Cited in U. S. v. Coppersmith, 4 Fed. 205.]

5. Where a party indicted was neither in custody nor under bond when the grand jury which indicted him was impaneled, and had no chance to challenge the grand jurors, he may take advantage of the disqualification of any one or more of them by plea in abatement.

[Cited in U. S. v. Reeves, Case No. 16,139.]
[Cited in Com. v. Brown, 147 Mass. 589, 18 N. E. 589, 591, 592. Cited in brief in State v. Ward, 60 Vt. 148, 14 Atl. 187; Watson v. Com., 87 Va. 613, 13 S. E. 22.]

6. A plea in abatement alleging such disqualification will not be favored, but should contain all essential averments pleaded with exactness.

7. A plea in abatement which alleged as a disqualification of a grand juror that he "did take up arms and join the insurrection or rebellion against the United States, and adhered to said insurrection or rebellion, giving it aid and comfort," but without any specific averment of time or place, is uncertain and bad.

8. The proper conclusion of a plea in abatement is a prayer that the indictment be quashed.

9. When a plea in abatement prays for a judgment which the court can not give upon a plea in abatement the plea is defective and bad.

10. A plea in abatement alleging a disqualification of one of the grand jurors who found the indictment need not be verified.

This was an indictment for conspiracy to defraud the United States, based on section 5440, Rev. St. The defendants [Samuel W. Hammond and others] pleaded specially to the indictment returned against them, that two of the grand jurors (naming them) by whom the indictment was found were disqualified to act as such, because without duress or coercion they had taken up arms and joined the insurrection and rebellion against the United States, and adhered to the said

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

insurrection and rebellion, giving it aid and comfort prior to the present term of this court. To this plea the United States attorney demurred, and insisted that the plea was bad in substance and form.

J. R. Beckwith, U. S. Atty., and J. H. New, Assoc. U. S. Atty.

Thomas J. Semmes and J. D. Rouse, for defendants.

WOODS, Circuit Judge. The plea is based on section 820 of the Revised Statutes. This declares: "The following shall be cause of disqualification and challenge of grand and petit jurors in the courts of the United States, in addition to the causes existing by virtue of section 812, namely: without duress and coercion to have taken up arms, or to have joined any insurrection against the United States; to have adhered to any insurrection, giving it aid and comfort," etc. This is an absolute disqualification imposed by statute. That such a disqualification of a single grand juror vitiates the indictment was the doctrine of the common law. "If any one of the grand jury who find an indictment be within any one of the exceptions of the statute, he vitiates the whole, though never so many unexceptionable persons joined with him in finding it." Hawk. P. C. bk. 2, c. 25, §§ 16, 26, 28; Whart. Cr. Law (6th Ed.) p. 170, § 468; 1 Chit. Cr. Law, 309; U. S. v. Blodgett, 35 Ga. 336 (per Erskine, U. S. Judge); U. S. v. Wilson [Case No. 16,737]; U. S. v. Williams [Id. 16,716]; U. S. v. Collins [Id. 14,837]. Such has also been the doctrine of most of the state courts of America. See Doyle v. State, 17 Ohio, 222; State v. Middleton, 5 Port. [Ala.] 484; Com. v. Parker, 2 Pick. 559; Barney v. State, 12 Smedes & M. 68; Van Hook v. State, 12 Tex. 252; Com. v. St. Clair, 1 Grat. 556; Hardin v. State, 22 Ind. 347; State v. Duncan, 7 Yerg. 271; State v. Rockafellow, 1 Halst. [6 N. J. Law] 332; State v. Ligon, 7 Port. [Ala.] 167; Wilburn v. State, 21 Ark. 198; State v. Cole, 17 Wis. 674; Kitrol v. State, 9 Fla. 9; Vattier v. State, 4 Blackf. 73; State v. Symonds, 36 Me. 128; State v. Martin, 2 Ired. 101.

As the federal courts, in questions of criminal jurisprudence, not regulated by statute, must be governed by the common law, and as the rule of common law, as stated by Hawkins, supra, seems to be well settled, I must hold that the plea of the defendants under consideration is good in substance.

It is next objected to this plea that it comes too late; that the grand jurors subject to the disqualification should have been challenged at the time the grand jury was impaneled. This objection is clearly untenable. It does not appear that the accused ever had an opportunity to present a challenge. On the contrary, the court knows, from its own records, that the accused were not under arrest or recognizance when the grand jury was impaneled. The first charge of offense against the criminal laws of the United States committed by them was made in the indictment to which they have pleaded. They were not supposed to have knowledge of what was going on in the grand jury room. On the contrary, the grand jury was sworn to secrecy, in order that they might not be advised. Their first chance to object to the qualifications of any members of the grand jury was when they were called upon to plead to the indictment. If they have the right to object at all, it seems clear they have not lost it by failure to exercise it at an earlier time, for they have objected at the very first opportunity. That a disqualification enacted by statute may be pleaded in abatement, if done reasonably, has been held in the following cases: U. S. v. Blodgett, 35 Ga. 336; Doyle v. State, 17 Ohio, 222; U. S. v. Wilson [supra]; Com. v. Parker, 2 Pick. 559; Barney v. State, 12 Smedes & M. 68; Hardin v. State, 22 Ind. 347; Wilburn v. State, 21 Ark. 198; State v. Cole, 17 Wis. 674; Kitrol v. State, 9 Fla. 9; Stanley v. State, 16 Tex. 557; State v. Ostrander, 18 Iowa, 435; State v. Rickey, 3 Halst. [8 N. J. Law] 50; People v. Jewett, 3 Wend. 314. And it was the same at common law. Hawk. P. C. bk. 2, c. 25, §§ 16, 28; 1 Chit. Cr. Law, 309. When the courts have held that the objection to a grand juror must be taken before indictment, the ground of exception has usually been to the juror, and has not been a statutory disqualification. U. S. v. White [Case No. 16,679]; People v. Jewett, 3 Wend. 314.

It is next objected that the disqualification mentioned in section 820, Rev. St., is one which it rests within the discretion of the court and of the prosecuting officer of the government to insist on, and that the accused have no right to challenge for such cause. The theory on which this objection is founded is based on section 821, Rev. St., which declares that at every term of any court of the United States, the district attorney, or other person acting in behalf of the United States in said court, may move, and the court in its discretion may require the clerk to tender to every person summoned to serve as a grand or petit juror, venireman or talesman in said court, the following oath or affirmation, namely: then follows the form of an oath to the effect that the affiant has not, without duress and constraint, taken up arms or joined any insurrection or rebellion against the United States, etc., and the section concludes as follows: "And every person declining to take said oath shall be discharged by the court from serving on the grand or petit jury, or venire to which he may have been summoned." This section does not affect the positive enactment of the preceding section, which declares that engaging voluntarily in insurrection or rebellion against the United States shall be a cause of disqualification and challenge. Without the oath prescribed by section 821, a juror might be sworn on his voir dire, and if found

subject to the disqualification prescribed by section 820, he could be challenged. Section 821 seems designed to provide a method by which, in advance, the court in its discretion could purge the venire of both grand and petit jurors of any persons who could not take the oath therein prescribed. To hold, however, that the right of any person interested to challenge a grand or petit juror disqualified under section 820 is left discretionary with the United States attorney and the court, is to blot out that section altogether. There stands its positive enactment that engaging in any insurrection or rebellion against the United States shall be cause of disqualification and challenge of grand and petit jurors. This provision enures to the benefit of all parties in all cases, whether civil or criminal, and is entirely unaffected by the following section which provides additional means of enforcing, but surely does not restrict the provisions of section 820. I am of opinion, therefore, that the plea is not only good in substance, but that it has been seasonably pleaded.

It is further objected to the plea that it is insufficient in matter of form. The defects alleged are: (1) That the plea does not tender a clear and distinct issue of fact, but is vague, uncertain and insufficient; (2) that it does not conclude as required by the rules of pleading; and (3) that it is not verified.

1. Pleas like the present are not favored, and the law requires that they shall contain all essential averments pleaded with strict exactness. U. S. v. Williams [Case No. 16,-716]; O'Connell v. Reg., 11 Clark & F. 155; Com. v. Thompson, 4 Leigh, 667; Hardin v. State, 22 Ind. 347; Lewis v. State, 1 Head, 329. This plea alleges, as cause of disqualification, that one of the grand jurors (naming him) "did take up arms and join the insurrection or rebellion against the United States, and adhered to said insurrection or rebellion, giving it aid and comfort prior to the present term of this honorable court, having been captain of company O, in the Crescent regiment from New Orleans, in the service of the so-called Confederate States of America during the late Civil War between the United States and the said Confederate States." The averment as to the other grand jurors is in similar terms. These averments tender the only issues of fact to be found in the plea. It is obvious that the plea fails of the required certainty. There is no averment of time or place. The "insurrection or rebellion against the United States" extended over a period of five years and over a vast territory. The prosecution is entitled to be informed by the plea when and where the juror took up arms and joined the rebellion and insurrection against the United States. The plea gives no information upon these points. It lacks the precision and certainty required in all criminal pleading, and is in this respect fatally defective.

2. The plea concludes as follows: "and this they are ready to verify; wherefore they pray judgment and that by the court they may be dismissed and discharged from the said premises in the said indictment above specified." The prosecution claims that this is not the proper conclusion. There seems to be some confusion in the adjudicated cases upon the conclusion proper to a plea in abatement. See Rex v. Shakespeare, 10 East, 83, where Lord Ellenborough held that a plea of misnomer, by which the defendant prayed judgment of the said indictment, and that he might not be compelled to answer, the same was well pleaded, "although," he said, "if it had not been for the precedent cited of Rex v. Westby [Id. 85, note], I should have been much inclined to think this plea bad in respect to its conclusion." The conclusion adopted by the pleader in this case is the one appropriate for and used in pleas in bar, as the plea of autre fois acquit or autre fois convict. See form 1154, 2 Whart. Prec. Ind. By the same authority the proper conclusion for a plea in abatement, or plea that the defendant has no addition, or plea of misnomer, or plea of wrong addition, is a prayer that the indictment may be quashed. See 2 Whart. Prec. Ind. forms 1141, 1142, 1144; Starkie, Cr. Pl. 473; Whart. Cr. Law, § 536; State v. Middleton, 5 Port. [Ala.] 484. The judgment prayed for by this plea is one only proper to be pronounced upon a plea in bar. "In a plea in abatement the court will give no other than the proper judgment prayed for by the party." Rex v. Shakespeare, 10 East, 83. As the judgment prayed for in this plea is one the court can not give upon a plea in abatement, the plea is defective and bad.

3. As to the objection that the plea is not verified, I simply remark that so far as I have been able to look into the authorities, only pleas of misnomer or wrong addition are required to be verified, and the plea should expose the defendant's proper name and addition. Whart. Cr. Law, § 537. The reason of the rule as applied to such pleas is obvious, and the reason does not apply to the plea under consideration.

The result of my investigation is that the plea, is uncertain and insufficient and does not pray the proper judgment of the court, but that the facts referred to, if properly pleaded, would have justified a judgment that the indictment be quashed. The demurrer to the plea is sustained.

Since the argument of the demurrer it has been suggested that section 820 of the Revised Statutes was improperly included by the compilers in their Revision of the statutes, that section not having been in force on the first day of December, 1873. This appears to be true. The section referred to was section 1 of the act approved June 17, 1862, entitled "An act defining additional causes of challenge, and prescribing an additional oath for grand and petit jurors in the United States courts" (12 Stat. 430). This section was repealed by the fifth section of

the act approved April 20, 1871, "to enforce the provisions of the fourteenth amendment to the constitution of the United States, and for other purposes" (17 Stat. 15). But the conclusion which the prosecutor seeks to draw from these facts, namely, that section 820 of the Revised Statutes is not now a part of the statute law, does not, in my opinion, follow. The work of the compilers, including section 820, was submitted to congress, and the whole re-enacted by the adoption of the Revised Statutes. The compilers may have exceeded their authority, congress may not have designed to re-enact section 820, but it has done so, and we cannot go behind the law and cure the mistakes and inaccuracies of congress. "We are bound," says Mr. Justice Buller in Jones v. Smart, 1 Term R. 44, "to take the act of parliament as they have made it;" and Mr. Justice Story in Smith v. Rines [Case No. 13,100], observes: "It is not for courts of justice proprio marte to provide for all the defects or mischiefs of imperfect legislation." That must be done by congress itself, and until it is so done we must take the law as we find it.