# Cochran *v.* The State.

*Indictment for Petit Larceny.*

1. *Objection to indictment on account of incompetency of grand juror.* It is a valid objection to an indictment by plea in abatement, if not also by motion to quash, that A C. M , who acted as a grand juror, and participated in finding said indictment, " was not selected or drawn as a grand juror by the officers whose duty it was to select grand jurors

[Cochran v. The State.]

for said term of the court, nor was he drawn or placed on said grand jury to supply a deficiency in the number of said grand jury, or in any other manner whatever."

2. *Same; replication to plea.*—It is a sufficient answer or replication to such plea, that A. C. M. was the person selected as fit and competent to act as a grand juror by the officers charged with that duty, but through inadvertence, or clerical misprision, his name was improperly transcribed A. C. N. on the slip of paper deposited in the jury-box; and these facts may be established by the testimony of the jury commissioners. But a replication which avers that "there is no such person as A. C. N. in said beat or county, but A. C. M., who was summoned by the sheriff, and served as a grand juror, does, and has for several years resided in said beat and county," is defective and demurrable, because it does not negative the residence of A. C. N. in the county when the grand jurors were drawn, nor aver as a fact that A. C. M. was the man selected.

FROM the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

Indictment for petit larceny; motion to quash, and plea in abatement, on account of defects in grand jury; replication, and demurrer. The opinion states the facts.

T. L. KENNEDY, for the appellant, cited *State v. Parks*, 21 La. Ann. 251; *Barney v. State*, 12 Sm. & Mar. 68; *State v. Tilly*, 8 Baxter, Tenn. 381; *State v. Jacobs*, 6 Texas, 99; *U. S. v. Hammond*, 2 Woods, 197; *People v. Wintermute*, 1 Dak. 63; 49 Maine, 573; 3 Nev. 70; *State v. Williams*, 5 Porter, 130; *Edmonds v. State*, 34 Ark. 720; *Battle v. State*, 54 Ala. 93; *Cross v. State*, 63 Ala. 40; *Empson v. People*, 78 Ill. 248; *Meiers v. State*, 56 Ind. 336; *Williams v. State*, 86 Ind. 400; *Brandt v. State*, 41 Iowa, 593; 12 Oregon, 297.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The defendant below moved to quash the indictment preferred against him, and also pleaded in abatement to it, on the grounds, " that one A. C. Milford acted as a grand juror at the time the said indictment was found, and participated in the proceedings of said grand jury in finding said indictment, and that said A. C. Milford was not selected or drawn as a grand juror by the officers whose duty it was to select grand jurors for said term of the court, nor was A. C. Milford placed or drawn on said grand jury to supply a deficiency in the number of said grand jury, or in any other manner whatever." It is entirely free from doubt, on principle and authority, that these facts, without

[Cochran v. The State.]

more, vitiated the indictment, and entitled the defendant to have it quashed in response to his plea—if not on the motion—upon proof of their existence.—*Barney v. State*, 12 S. & M. 68; *State v. Parks*, 21 La. An. 251; *State v. Tilly*, 8 Bax. (Tenn.) 381; *U. S. v. Hammond*, 2 Woods, 197; *People v. Wintermute*, 1 Dak. Ter. 63; Thomp. & Mer. on Juries, § 567; 1 Bish. Cr. Pr. § 856*a*; *State v. Clough*, 49 Me. 573; *Sylvester v. State*, 72 Ala. 201; *Nixon v. State*, 68 Ala. 535.

The solicitor filed a replication to the motion and plea, respectively, in the following terms: " Comes the State, . . . . and avers in reply, and in addition to the facts set out in the motion [or plea] filed in this cause, to-wit, that the proper officers charged with the drawing of the said grand jury did draw from the jury-box a slip of paper on which was written ' A. C. Nilford, farmer, Beat 13,' and 'A. C. Nilford, farmer, Beat 13', was on the said grand jury *venire*; that the sheriff of the county summoned one A. C. Milford, farmer, Beat 13, to serve on said grand jury; and that said A. C. Milford appeared, was sworn and impanelled, and served on said grand jury—that there is no such man or person in beat 13, or the said county, as A. C. Nilford; that there is no such male person either in said beat or the said county, of the surname of Nilford, but that A. C. Milford, a farmer, does, and has for several years, resided in beat 13 in said county." This replication as filed, both to the motion and the plea, was demurred to by the defendant; the demurrers were overruled, and exceptions reserved both on the record, and by bill of exceptions.

This action of the trial court was, in our opinion, erroneous. It may be conceded, indeed we do not doubt it as a proposition of law, that it was competent for the State to aver and prove, in replication to the defendant's plea in abatement, that A. C. Milford was the man who had been selected by the jury commissioners of Lee county, as a person fit and competent to discharge the duties of a grand and petit juror, and through inadvertence, or clerical misprision, his name had not been properly transcribed on the slip of paper which they deposited in the jury-box, but that instead the name A. C. Nilford had been written on the ballot, intended to represent and stand for A. C. Milford. Nor do we doubt that it was competent to prove these facts by the testimony of the commissioners, or other person cognizant of them; nor that, when proved, they would have

[King v. The State.]

constituted a full answer to the plea.—*State v. McNamara*, 3 Nev. 70.

But these are not the facts laid in the replications. It does not appear from them, but that *at the time* the jury-box was prepared, and the names of fit persons for jurors put in it—a time which must have been several months before the drawing of this grand jury (Acts 1886-7, p. 151)—there was such a man as A. C. Nilford residing in beat 13, Lee county, and he, and not Milford, was selected by the commissioners. But, granting that there was no such man as Nilford at any time in the beat or county, it does not follow that the commissioners intended to select, or did in fact consider and pass on the qualifications of Milford. It may be, for aught alleged to the contrary, that A. C. Wilford, or A. C. Nilford, was a farmer living in that beat, and that he, and not Milford, was the man selected for jury service. The replications, in other words, no where aver that Milford was the man selected, but they merely state facts which raise up a probability that he, and not Nilford, was the juror passed on and selected. This is not that certainty to a common intent required in all pleadings. The replications are insufficient. The demurrers should have been sustained.

The judgment is reversed, and the cause remanded.