UNITED STATES v. CLUNE et al. (Nos. 640, 641.)

SAME v. BUCHANAN et al. (Nos. 642, 643.)

(District Court, S. D. California. July 16, 1894.)

SETTING ASIDE INDICTMENT—PREJUDICE OF GRAND JUROR.

Under Pen. Code Cal. § 897, providing for the setting aside of an indictment on a ground which would have been good for challenge to a grand juror, and section 896, declaring as ground for challenge to a grand juror a state of mind which will prevent him from acting impartially and without prejudice, a grand juror who joined in an indictment of strikers for obstruction of mail and commerce, though he indicated sympathy with them, will not be held to have been prejudiced, because thereafter, on the occasion of strikers destroying private property, he said they ought to be shot.

W. H. Clune, C. T. Buchanan, and others move to set aside indictments against them for obstruction of mail and commerce. Denied.

George J. Denis, U. S. Atty.

C. C. Stephens and Byron Waters, for defendants.

ROSS, District Judge. The grand jury which returned the indictments in these cases was impaneled prior to the commission of the offenses which constitute the subject of the indictments, so that the defendants could not have been held to answer for the alleged offenses prior to the impaneling of the jury. The question which they seek to raise by the motions to quash the indictments is a challenge to the personnel of the grand jury. There are no provisions of the United States statutes regulating challenges to such jurors under such circumstances, and it is therefore proper for the federal court to follow the practice of the courts of the state in which it is held with reference to such objections. U. S. v. Egan, 30 Fed. 608. A

motion to quash the indictment is a proper mode by which to present the question. U. S. v. Gale, 109 U. S. 65, 3 Sup. Ct. 1. In California it is provided by statute that a challenge to an individual grand juror may be interposed for the cause, among other causes:

"That a state of mind exists on his part in reference to the case, or to either party, which will prevent him from acting impartially and without prejudice to the substantial rights of the party challenging; but no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury founded upon public rumor, statements in public journals, or common notoriety, provided it satisfactorily appear to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters submitted to him." Pen. Code, § 896.

And by section 995 of the same Code, it is provided as follows:

"The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion in either of the following cases. If it be an indictment: * * * (4) When the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge either to the panel or to any individual grand juror."

The meaning of this clause, taken in connection with the other provisions of the state statute referred to, is that the defendant shall have the privilege of challenge on arraignment, when, from the nature of things, he could not have had it at the impaneling of the jury. People v. Beatty, 14 Cal. 571. Accordingly the defendants in these cases were, by their counsel, permitted to inquire into the state of mind of the grand jurors in reference to the case alleged against the defendants, and to give evidence in respect thereto. A careful consideration of the evidence satisfies me that none of the grand jurors were in a state of mind in reference to the charges against the defendants in these cases which prevented them from acting impartially and without prejudice to the substantial rights of the parties challenging. The various opinions and impressions of the grand jurors were not of such a character as to prevent a perfectly impartial and fair consideration of the charges against the defendants, and each of them testified that his mind was in such a condition that he could, and that in fact he did, act impartially and fairly upon the matters submitted to him in respect to the charges, notwithstanding such opinions or impressions as he may have had. The remark made by the juror Sweet a day or two after the finding and presentation of the indictments, in the course of a discussion with some third parties, that "the strikers should be filled full of lead," specially relied upon by the counsel for the defendants as showing a state of mind on the part of that juror which rendered him prejudiced and unfair, while highly improper on the part of a grand juror at any time or under any circumstances, was made subsequent to the finding and presentation of the indictments in question, and after some of the men engaged in the strike had wantonly destroyed private property; and the testimony of the juror Sweet (in which he is corroborated by the witness Jeffreys) is that what he said was, in substance, that the strikers who engaged in the destruction of private property ought to be filled full of lead. It is true that two witnesses—Perkins and Hollenbeck—in effect denied that Sweet made that qualification,

but I think it very improbable that any reasonable person would say that a man should be shot for exercising his right to strike or stop work. The probabilities are all in favor of the truth of Sweet's testimony that he made the remark with reference only to those strikers who should engage in the destruction of private property. This conclusion finds strong support in the fact that pending the investigation by the grand jury of the charges, which culminated in part in the indictments in question, the juror Sweet propounded questions in writing to the court, asking its instructions in respect to the law, which questions indicated to the court a decided sympathy on the part of the juror with the strikers. This was prior to the occurrence which forms the principal ground of the motions, and is corroborative of the testimony of the juror Sweet given on the hearing of the motions, which, for the reasons stated, I find to be true. There is a marked distinction between a grand juror who merely makes an accusation of the commission of a crime and a petit juror who tries the questions of the guilt or innocence of the defendant who is so accused. It is accordingly held in many jurisdictions that it is no objection to the validity of an indictment that one or more of the grand jurors, who was otherwise qualified, had formed or expressed an opinion of the guilt of the accused. Tucker's Case, 8 Mass. 286; State v. Hamlin, 47 Conn. 95, 114; State v. Chairs, 9 Baxt. 196; Musick v. People, 40 Ill. 268; Lee v. Georgia, 69 Ga. 705; U. S. v. Williams, 1 Dill. 485, Fed. Cas. No. 16,716. In a late case in the supreme judicial court of Massachusetts (Com. v. Woodward [Mass.] 32 N. E. 939) it was held that the fact that a grand juror who was otherwise competent and qualified to serve had, before the meeting of the grand jury, made a personal investigation into the guilt of the accused, and had secreted himself in a room with an officer for the purpose of listening to declarations and admissions made by the accused concerning the crime, and had heard such declarations and admissions, and had listened to statements of officers to the effect that the accused was guilty, and had thereupon formed an opinion and believed him to be guilty before and at the time of the investigation of the case by the grand jury, did not constitute a legal objection to the validity of the indictment; the court saying, among other things: "This opinion is in accordance with what appears to us to be the clear weight of judicial decision elsewhere, though in some instances views to the contrary have been held." In Rolland v. Com., 82 Pa. St. 306, it was held to be no ground for quashing an indictment for burglary in breaking into a bank that two of the grand jurors by whom it was found were stockholders of the bank. And in State v. Easter, 30 Ohio St. 542, it was held not a good plea to an indictment for murder that a member of the grand jury which found it was a nephew of the murdered man. These authorities are cited to emphasize the distinction that exists between grand and petit jurors.

For the reasons stated, the court is of the opinion that none of the grand jurors in question in these cases were in such a state of mind as prevented them from acting impartially and fairly in respect to the charges against the defendants. The motions to quash are therefore denied.