WILLIAM H. RICHARDS, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Bill of Exceptions:** FAILURE OF COURT REPORTER TO PREPARE WITHIN TIME. The law relating to the time in which bills of exception are to be prepared is to be liberally construed, and where a court reporter is unable to prepare the bill within eighty days from the adjournment of the court *sine die*, the fault not being that of the plaintiff in error, the bill should be signed and made a part of the record.

2. ———: AFFIDAVITS used in the hearing of a matter in the trial court must be embodied in a bill of exceptions to be available as evidence in the supreme court.

3. **Criminal Law:** FINDING OF GRAND JURY. Where a party is bound over to await the action of a grand jury, and the grand jury investigates the charge and makes report to the court, "no cause of action," and the accused is thereupon discharged, the prosecuting attorney cannot treat such finding as void and file an information against the accused for the same offense, upon the same evidence—the jury being the judges of the credibility of the witnesses.

4. ———: INFORMATION. Under chapter 54 of the criminal code, the prosecuting attorney, in preparing and filing an information against a party accused of crime, takes the place of a grand jury, and as a grand jury cannot delegate its authority to find an indictment, neither can the prosecuting attorney delegate his authority to file an information.

5. ———: ———. An information, under chapter 54 of the criminal code, must be sworn to before a magistrate—one authorized to administer the oath, and not before a notary public.

10

6.  **Prosecuting Attorney** : DEPUTY.  Where the appointment
    of a deputy prosecuting attorney is challenged, and there is no
    copy of his appointment or evidence that he took the oath or
    gave the bond as required by law, the proof is insufficient to
    show his appointment as deputy.        .

ERROR to the district court for Gage county.  Tried
below before BROADY, J.

*Burke & Prout* and *N. T. Gadd,* for plaintiff in error.

*William Leese, Attorney General,* for the State.

MAXWELL, CH. J.

The plaintiff was convicted of embezzlement in the dis-
trict court of Gage county, and sentenced to imprisonment
in the penitentiary.  He now prosecutes a petition in error.
The attorney general moves to quash the bill of excep-
tions, for the reason that it was not signed within eighty
days from the time the court adjourned *sine die.*  It appears
from the record that the time in which to prepare the bill
was extended to eighty days, and the stenographer certifies
that he was unable to prepare the bill within the time
limited.  This being the case, the plaintiff was not at fault.
So far as appears, he has done all that he could to procure
the bill within the time stated.  In the absence of a show-
ing to the contrary, all presumptions of diligence are in
favor of the plaintiff in error.  The law relating to the
preparation of bills of exception should be liberally con-
strued as being in furtherance of justice.  The motion must
therefore be overruled.

2.    There is also a motion to suppress certain affidavits
for the reason that they are not embodied in a bill of ex-
ceptions.  The invariable holding of this court has been
that where affidavits were used on the hearing of a matter
in the court below, they must be embodied in a bill of
exceptions to be available as evidence in the supreme

court; in other words, as evidence that they were used on the hearing in the court below. The motion to suppress must therefore be sustained.

3. It appears from the record that prior to the 20th day of September, 1886, the plaintiff had been bound over to await the action of the grand jury of Gage county on a charge of embezzlement; that on that day the said grand jury made the following report to the court:

"STATE OF NEBRASKA,  ⎫
      vs.·       ⎬
  W. H. RICHARDS.  ⎭

"Witnesses examined by the grand jury and no cause of action found.

"L. C. BROWN,<br>"<em>Foreman.</em>"

The court thereupon made the following order:

"STATE OF NEBRASKA,  ⎫
      vs.       ⎬
  W. H. RICHARDS.  ⎭

"Sept. 26. The grand jury having ignored the charge, the defendant is discharged."

The plaintiff then departed to his home in another state. On the 28th of the same month, Alfred Hazlett, who also signs the information as deputy district attorney, filed an information in said court, charging the plaintiff with the same offense, which the grand jury had investigated and found no bill. This information was sworn to before a notary public. The law has not made it the duty of a district attorney to file an information in a case in which a grand jury had refused to find a bill. The grand jurors, upon oath, find or refuse to find an indictment, and at least twelve of them must concur in making the charge. In other words, an indictment is a positive charge upon oath of at least twelve of the grand jurors, that the accused is guilty of the offense charged, while a refusal to find a bill is equivalent to a finding under oath of said jurors

that the evidence is insufficient to warrant the charge. The defendant is therefore entitled to his discharge, and no prosecuting officer has the right to treat such finding as void.

In cases where additional evidence is submitted to the same or a subsequent grand jury, it is probable that a different result may be reached. 4 Black. Com., 305. The author quoted says (Id., 305) that, "where the jury think the charge groundless they indorse the indictment prepared by the prosecuting officer 'not a true bill,' or, which is a better way, 'not found,' and then the party is discharged without further answer. But a fresh bill may afterwards be prepared to a subsequent grand jury."

The act of charging a party with the commission of a crime which may blast his reputation and cover his name with ignominy is certainly a serious one, which ought not to be done without sufficient cause. From the days of Magna Charta, the common law, in theory at least, has protected all persons from needless accusations. The grand jury itself was devised for the purpose of privately investigating a charge against a party, and finding a reasonable probability of the truth of the charge before making it public in the form of an accusation or indictment. In all such investigations the jurors are, as in other cases, the judges of the credibility of the witnesses, and they may believe or disbelieve any or all of the testimony introduced before them. If they refuse to believe certain testimony and therefore refuse to find a bill, it is not in the power of a prosecuting officer to say that he believes such testimony and thereupon proceed to file an information. We do not hold, however, that where new evidence is offered which was not before the grand jury, that such information cannot be filed.

4. Section 579 of the criminal code provides that, " all informations shall be filed during term in the court having jurisdiction of the offense specified therein, by the *prose-*

*cuting attorney* of the proper county as informant; he shall subscribe his name thereto and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall endorse thereon the names of such other witnesses as shall then be known to him."

Sec. 583 makes it his duty to inquire into and make full examination of all the facts and circumstances connected with any case by preliminary examination, while section 585 declares that, " no information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his rights to such examination," an exception being made as to fugitives from justice.

The prosecuting attorney of a county is a *quasi* judicial officer. The law has intrusted him with power upon what *he* deems sufficient cause to institute prosecutions. He takes the place of a grand jury, and as the law imposed upon the grand jury the duty of determining whether or not sufficient had been shown to justify an indictment against the accused, and gave them no authority to depute other persons to determine that fact and make a presentment, so the law imposes this duty on the prosecuting attorney, and gives him no authority to confer this power on another person. Like a judge, his power to determine what cases shall be prosecuted by filing an information cannot be delegated, but must be performed by himself. At common law, if an indictment was found by a grand jury, one of whose members did not possess the necessary qualifications, it vitiated the indictment. 1 Bish. Cr. Proc., § 856*a*. *Kitrol v. State*, 9 Fla., 9. *U. S. v. Hammond*, 2 Woods, 197. *State v. Clough*, 49 Me., 573. This is upon the principle that the indictment shall be

preferred only by persons duly authorized. How much more important that an information, which takes the place of an indictment, be prepared by one whom the law has clothed with power to prefer the charge, and unless it is filed by an officer having such authority, it will be a nullity.

5. The information was sworn to on information and belief before a notary public. In order to authorize the filing of an information, except in case of fugitives from justice, there must have been a previous examination, based on an accusation under oath, charging the party with the commission of the crime. An information sworn to by the prosecuting attorney, upon information and belief is sufficient, but the oath must be taken before a judicial officer,—one authorized to administer the oath. At common law, such oath was taken before a magistrate. 1 Chitty Cr. Law, 26, and the common law on that point prevails in this state. A notary public is an officer of the civil and commercial law, and is unknown to the criminal law, and the oath was unauthorized. It may be, however, that the plaintiff has waived that objection by pleading to the information.

6. The appointment of the deputy prosecuting attorney is challenged in the proceedings, but there is no copy of an appointment or evidence that he took the oath or gave bond, as required by law. If a deputy could be appointed for a particular case, and without entering into the obligations imposed by law, could institute and carry on criminal prosecutions, there is reason to believe that such prosecutions would be used as a means to gratify personal malice, to collect debts, or as a means of persecution. But there is no such authority given to a deputy. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.