MILO HODGKINS ET AL. V. STATE OF NEBRASKA.

FILED JANUARY 18, 1893.     No. 4462.

1. Indictment and Information. It is not necessary in an information or indictment to use the precise words of the statute. It is sufficient if the words used are identical in meaning with those used in the statute.

2. Assault and Battery: INFORMATION. In an information for assault and battery it was alleged that the defendants "did willfully and maliciously make an assault upon * * * and did then and there unlawfully strike, beat, and wound, etc." *Held,* Sufficient.

3. ———: ———: VERIFICATION: OBJECTION: WAIVER. Objection to an information on the ground that it was verified before a notary public instead of a magistrate should be made before going to trial, otherwise it will be held to have been waived.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Billingsley & Woodward* and *Robert J. Greene,* for plaintiffs in error.

*George H. Hastings, Attorney General,* for the state.

POST, J.

The first question presented by the record in this case is the sufficiency of the information, which is here set out:

"In the District Court of Lancaster County, Nebraska. The State of Nebraska, plaintiff, v. Hodgkins and Frank Trumble, defendants.

"STATE OF NEBRASKA,  } ss.
    LANCASTER COUNTY. }

"John W. Mussetter, being first duly sworn, on his oath complains that the defendants, Milo Hodgkins and Frank Trumble, for that said Milo Hodgkins and Frank Trumble, at the county of Lancaster and state of Nebraska, on the 13th day of March, 1890, in and upon the bodies of Marshal Stein and O. W. McAllister did then and there willfully and maliciously make an assault upon, and them, the said Marshal Stein and the said O. W. McAllister, unlawfully did strike, beat, and wound, contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Nebraska.

"JOHN W. MUSSETTER.

"Subscribed in my presence and sworn to before me this 15th day of March, A. D. 1890.

"M. A. CAMERON,
"Notary Public."

By reference to section 17 of the Criminal Code, defining assault and battery, it will be observed that the language thereof is: "If any person shall *unlawfully* assault or threaten [another] in a menacing manner, or shall *unlawfully* strike or wound another, the person so offending shall, upon conviction thereof, be fined," etc. The language of the information is, "did willfully and maliciously make an assault upon * * * and unlawfully did strike, beat, and wound, contrary to the statute." The information is sufficient. It is not necessary in charging an offense to use the precise words of the statute. It is sufficient if words are used which are identical in meaning to those in the statute. (*Whitman v. State*, 17 Neb., 224.) The words willfully and maliciously are equivalent to the term unlawfully.

14

It is argued that there is no valid information, for the reason that the charge upon which plaintiffs in error were tried was sworn to before a notary public. It has been held by this court, in *Richards v. State*, 22 Neb., 145, and *Davis v. State*, 31 Id., 247, that the information should be sworn to before some judicial officer. In the last above case, however, it was held that an objection to the information on that ground will be waived unless made before verdict. And Judge NORVAL, in the opinion of the court, uses the following language: "It (the objection) should have been raised by motion to quash before pleading to the information." This prosecution originated before the county judge of Lancaster county, with whom the above information was filed. Plaintiffs in error, having been convicted in that court, appealed to the district court. The first record we find of any objection to the information is after the jury had been sworn in the district court, where it appears they objected to any evidence being offered or received :

"1st. Because there is no legal presentment as required by the constitution and laws of the state.

"2d. The affidavit of plaintiff does not contain facts sufficient to constitute a criminal action.

"3d. There is no complaint filed in this case as required by law."

In the opinion of the writer the objection set out above should be held to apply only to the form of the information and the sufficiency of the allegations therein contained, and not to the want of a proper verification. But it is clear that the objection, even if sufficient, comes too late after a trial before the county judge upon the merits of the case, and after a jury had been selected and sworn in the district court. The provision for the verification of an information before a magistrate is surely not more imperative than the provision found in section 585 of the Criminal Code, that no information shall be filed against

any person, except fugitives from justice, until such person shall have had a preliminary examination as provided by law.    Yet it has been repeatedly held that by pleading not guilty and going to trial on the issue thus formed the accused waives his right to object on the ground that he has not had a preliminary examination. (*Cowan v. State,* 22 Neb., 519; *Washburn v. People,* 10 Mich., 383; *People v. Jones,* 24 Id., 215; *People v. Williams,* 53 N. W. Rep. [Mich.], 779.)   It is evident that the plaintiffs in error are not now in a position to assert that the information was not legally verified.   The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.