## WALKER v. THE PEOPLE.

1. INFORMATIONS.

Where no preliminary examination has been had, the statute requires as conditions precedent to the filing of an information, an affidavit by some person who has knowledge of the commission of the offense (which affidavit may be attached to the information) and leave of court.

2. SAME—VERIFICATION—NOTARIES PUBLIC.

Notaries public have authority to administer the oath required in prosecutions by information.

*Error to the County Court of Douglas County.*

PLAINTIFF in error, Joe Walker, was convicted and sentenced upon information filed without leave of court.

In this information he is charged with unlawfully keeping open a tippling house on the first day of the week, commonly called Sunday, etc.    The information is signed by the district attorney, by his deputy.    Attached to the information is the affidavit of the prosecuting officer, stating that the facts therein are true to the best of his knowledge and belief. Aside from this is the affidavit of one John Watson, who makes oath to the facts as of his own knowledge.    This latter affidavit was taken before a notary public.

The section of the statute relied upon as authority for filing the information is as follows: "An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law before a justice of the peace or other examining magistrate or officer and has been bound over to appear at the court having jurisdiction, or shall have waived his right to such examination; such information shall set forth the crime committed according to the facts.    But if a preliminary examination has not been had or when upon such examination the accused has been discharged, or when the affidavit or complaint upon which the examination has been held has not been delivered

to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of court first had, file an information, and process shall forthwith issue thereon." Sec. 3, page 116, of the act of 1893.

Mr. THOMAS WARD, JR., for plaintiff in error.

THE ATTORNEY GENERAL, Mr. GEO. H. THORNE and Mr. CALVIN E. REED, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

In the court below a motion was made to quash the information—*first*, because the same was filed without leave of court; *second*, upon the claim that no affidavit, as required by law, was filed upon which to base the information. The motion to quash having been overruled, a plea in abatement raising the same questions was filed and overruled. Thereafter the same objections were interposed at every stage of the proceeding in the lower court. The defendant having been convicted and sentenced for the crime charged, brings the case here upon error.

No preliminary examination having been had of the defendant for the offense charged, authority for filing the information must be found in section 3 of the act of 1891 as amended in 1893. This act provides " that the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense * * * and upon being furnished with the names of the witnesses for the prosecution by leave of court first had file an information, * * * ."

The statute requires as conditions precedent to the filing of an information : *First*, an affidavit of some person who has

knowledge of the commission of the offense; *second*, leave of court.

Was there a compliance in this case with the first of these requirements? The contention of plaintiff in error is, *first*, that the affidavit spoken of must be separate and apart from the information; that attaching it to the information is not a compliance with the statute. This point is mentioned rather than being seriously urged. We think the statute is sufficiently complied with in this respect, where the affidavit, as in this case, in proper form is attached to the information. It is claimed, however, that notaries public in this state are without authority to administer the oath required in criminal prosecutions by information. This contention of counsel finds support in three cases in the state of Nebraska. *Richards v. The State*, 22 Neb. 145; *Davis v. The State*, 31 Neb. 247; *Hodgkins et al. v. The State*, 36 Neb. 160.

The last two mentioned cases do not discuss the question, but refer to the first case cited as authority, while in the first case the matter is treated very summarily; the reason given for the conclusion being that at common law notaries public are officers of the civil and commercial law and unknown to the criminal law. Prosecutions in that state being governed by the common law, except as changed by statute, and no modification existing as to the powers of notaries in criminal cases, the oath is unauthorized.

It is true that at common law notaries are regarded as officers of the civil and commercial law, and have nothing to do with the administration of the criminal law, but the common law has been very greatly modified by congress and the legislatures of the various states, so that we must look to the statute of the particular jurisdiction to ascertain the authority of notaries. In some of the states notaries are clothed with the powers of a justice of the peace, in both civil and criminal causes. See Proffatt on Notaries (2d ed.), sec. 22.

The same author, at section 24, says: " The power to take affidavits seems to have been a function of a notary public for a very long time; though a notary had not necessarily

this power by virtue of his office under the common law, but derived it from statutory enactments."

In this state notaries are given the fullest powers to administer oaths, the language of our statute being, "Notaries shall have authority to administer all oaths provided for by law, * * * ." Mills' Annotated Statutes, sec. 3284.

An affidavit is an oath reduced to writing and attested by him who has authority to administer the same, so that the statute giving notaries the power to take oaths in all cases is sufficiently broad to cover affidavits. The statute authorizing informations does not prescribe before whom the affidavit shall be taken, but by a fundamental principle, when the statute fails to designate the particular officer before whom the oath shall be taken, it may be taken before any officer having general authority to administer oaths. Proffatt on Notaries, sec. 69.

The practice in this state has been to receive affidavits taken and certified by notaries in criminal cases upon applications for changes of venue, continuances and the like. The statute referred to is broad enough to cover these cases, and also those like the case at bar, where an information is based thereon. The liberty of the citizen is in no way jeopardized by this practice. His rights are protected as well if the affidavit is taken before a notary as if certified by a magistrate, and in our judgment this assignment of error is not well taken.

We have deemed it necessary in this case to pass upon these objections in view of a new trial, although the judgment of the county court must be reversed because the information was filed without leave of court. It is urged by the attorney general that the provisions of the statute restricting the filing of informations by the prosecuting officer, in cases where no preliminary examination has been had, to cases in which an affidavit has been filed of a person having knowledge of the commission of the offense, is ample to prevent abuse of his powers. It is a sufficient answer to this argument to say that the legislature did not so regard it. To pro-

tect the rights of the citizen and guard him against oppression and malice, the legislature has made it necessary that a judicial order shall be obtained before a charge can be preferred, and the courts have no right to construe away or defeat this statutory provision.

In the case of *State v. Brett*, (Mont.) 40 Pac. Rep. 873, it is said:

" It is suggested that obtaining of a leave of the court is a mere perfunctory matter, and is granted of course. This argument, if true, reflects credit upon the several county attorneys of the state for having administered their offices with that high sense of impartial responsibility and power imposed upon them by the constitution, but it loses its entire force if an instance should arise where a prosecuting officer oppressively, maliciously, or otherwise illegally should attempt to unjustly harass any citizen by filing an information charging him with crime."

The information in this case having been filed without leave of court, the judgment of the county court must be reversed.

*Reversed.*