EMMA ELIZA SUTORIOUS, APPELLEE, V. GUY STALDER,
APPELLANT.

FILED MARCH 24, 1911.   No. 16,379.

1. **Bastardy: COMPLAINT: VERIFICATION: WAIVER.** The statute requires
that, upon complaint of bastardy on oath or affirmation made to
a justice of the peace, "the justice shall take such accusation in
writing, and thereupon issue his warrant." Comp. St. 1909, ch.
37, sec. 1. A complaint verified before a notary public is insuffi-
cient, but if no objection is made until after the hearing before
the justice, the objection is waived.

2. **Trial: INSTRUCTIONS: CREDIBILITY OF WITNESSES.** The trial court is
not required to instruct the jury which witness is the most
credible.

3. ————: ————. Requested instructions stated in the opinion are
found to have been properly refused, and certain instructions
given are not found to be prejudicially erroneous.

4. **Bastardy: AMOUNT OF SUPPORT.** The condition and ability of the
defendant in bastardy proceedings should be considered in
determining the amount that he should be required to contribute
toward the support of the child.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Affirmed as modified.*

*Burkett, Wilson & Brown* and *E. Falloon,* for appellant.

*Reavis & Reavis, contra.*

SEDGWICK, J.

Upon a jury trial in the district court for Richardson
county, the defendant was found guilty of being the father
of the plaintiff's bastard child, and judgment was entered
accordingly. He has appealed to this court.

1. In the beginning of the trial the defendant objected
to any evidence being received because the original com-
plaint filed with the justice of the peace was sworn to be-
fore a notary public. This objection was overruled, and
this is the first ground urged for reversal. The statute

provides that, upon complaint of this character on oath
or affirmation made to a justice of the peace in this state,
"the justice shall take such accusation in writing, and
thereupon issue his warrant." Comp. St. 1909, ch. 37,
sec. 1. The complaint should be taken by the justice
and the oath or affirmation administered by him. Filing
a complaint with the justice, verified before a notary
public, is not a compliance with the statute. In *Richards
v. State*, 22 Neb. 145, it was held that an information
charging embezzlement and filed in the district court, ver-
ified before a notary public, was irregular, and it was
said that such oath must be taken before a judicial officer,
but the court added: "It may be, however, that the plain-
tiff has waived that objection by pleading to the informa-
tion." The case at bar is a civil action. It has some of
the characteristics of a criminal proceeding. The com-
plaint and warrant are for the purpose of securing the
attendance of the defendant, and to enable the justice to
enforce such settlement as the defendant may make with
the plaintiff, if they agree upon a settlement, and enforce
a compliance with the statute on the part of the defendant.
No objection to this complaint was made before the jus-
tice, and the record shows that the plaintiff was sworn
as a witness before the justice in the presence of the
defendant and his attorneys, and that her allegations were
reduced to writing by the justice and were by him certi-
fied to the district court. If this was not a substantial
compliance with the statute, the defendant has waived the
irregularity by appearing before the district court with-
out having made any objections before the justice of any
supposed defect in the proceedings there.

2. Section 5 of the bastardy act (Comp. St. 1909, ch. 37)
provides that "on the trial of the issue the jury shall, in
behalf of the man accused, take into consideration any
want of credibility in the mother of the bastard child;
also any variations in her testimony before the justice
and that before the jury; and also any other confession
of her, at any time, which does not agree with her testi-

mony, on any other pleas or proofs made and produced on behalf of such accused person." The defendant requested the court to give an instruction to the jury which embraced substantially these provisions of the statute, and then contained the following words: "If you believe, from the evidence, that her statements are conflicting, then her testimony is not of equal credibility with that of the defendant, and you cannot find a verdict in her favor, unless this want of credibility is overcome by other reliable evidence." This instruction was refused, and of course properly so. It was not the province of the court to tell the jury which witness was the most credible, or under what circumstances the testimony of one witness would not be of equal credibility with another.

3. Defendant complains of the refusal of the court to give another instruction requested by him, but the substance of this instruction, so far as it was proper to be given to the jury, was contained in instructions given by the court upon its own motion. The instruction as requested would have been erroneous. It contained the statement that the jury must not only find that the plaintiff's testimony was true, but that in addition "the testimony adduced in favor of the complainant is of such a character that it preponderates and overcomes the testimony of the defense." This is not a correct statement of the law. If the jury found that the plaintiff's testimony is true as it is contained in this record, they should find the verdict in her favor.

The court was right in refusing to instruct the jury that the plaintiff "is financially interested in the result of this case, and you will take into consideration this interest." Of course it is true that the plaintiff was financially interested in the case, and so was the defendant, and the court properly instructed the jury to take into consideration any interest that any witness had in the result of their verdict, and that was all that the court was required to do.

The defendant's fourth request was as follows: "You

are instructed that neither the filing of the complaint in this action, nor the defendant's arrest and being bound over to this court, nor yet the birth of the child raises any presumption of the defendant's guilt." It surely is not prejudicial error to refuse to instruct such commonplaces as these.

In the fifth request the court was asked to tell the jury that "she must not only overcome any inconsistent statements that she may have made, but in addition thereto she must satisfy the jury, by a preponderance of the evidence, that the charge contained in the complaint is true." If the plaintiff proved the guilt of the defendant by a preponderance of the evidence, she has done all that it was necessary for her to do. It would be misleading to infer to the jury that there was or might be something in addition for the plaintiff to do.

The tenth request of the defendant was as follows: "The court instructs the jury that, if they believe from the evidence that the only evidence tending to prove the guilt of the defendant is the testimony of the prosecuting witness, Emma Sutorious, and that her testimony on any material point is untrue, then the jury is at liberty to disregard her whole testimony." This form of instruction appears to have been approved by the supreme court of West Virginia in a prosecution for rape (*State v. Perry*, 41 W. Va. 641); but it was wholly unnecessary in this case. The court had instructed the jury on its own motion upon this point. If the testimony of plaintiff was the only evidence tending to prove the guilt of the defendant, that fact would not change the rule, and would not add anything to the instruction, but might be misleading.

The eleventh request for instruction was as follows: "The court instructs the jury that, if they believe from the evidence in the case that the crime charged against the defendant rests alone on the testimony of the prosecuting witness, Emma Sutorious, then they should scrutinize her testimony with care and caution." The jury should scrutinize the testimony of every witness with care and

caution, and especially if that witness was shown to have a direct interest in the litigation. The instruction given by the court covers this point.

· The defendant complains that in the statement of the case the court neglected to instruct the jury as required by section 5 of the act. It is better to comply with the provisions of this section in a separate instruction, and this was done in this case.

The court defined what is meant by a preponderance of the evidence as follows: "To determine the question in this case, by the preponderance of the evidence is meant that you are to put all the evidence in favor of the plaintiff on one side of the scale, all the evidence in favor of the defendant on the other side of the scale, and whichever side makes down weight has the preponderance of the evidence. If a witness says something you are satisfied in your sound judgment is not the truth, then you are entitled to disregard it; and it is for you to determine how much weight shall be given to the testimony of any witness. It is for you to determine, in case of a conflict of evidence, what witness tells the truth and where the truth lies. You are not to determine it arbitrarily or through prejudice, but weigh it over carefully and consider it carefully, and take into consideration all the circumstances, all the evidence in the case, and then it is for you to determine what the truth is, and how much weight, or how little you should give to any witness." This instruction is complained of. It is not in the usual form of an approved explanation of the preponderance of the evidence. It might in some cases confuse the jury, but we cannot believe that, in connection with the other instructions given, the jury were misled thereby.

Complaint is made of misconduct of plaintiff's counsel in their argument of the case to the jury. It does not appear that any objection to the language used by counsel was made at the time, and we do not find that the attention of the court was called to any supposed prejudice arising therefrom. So far as we have observed, the attention

of the trial court was first called to this matter in affidavits filed upon a motion for new trial. This objection therefore was waived.

It is contended that the judgment is excessive. In this contention we think there is some merit. The order of the court was that the defendant pay to the plaintiff, $1,400, being $100 per annum for 14 years. In ordinary cases this would not be unreasonable. It might in some cases be inadequate. The defendant was a boy under 18 years of age. He had inherited $1,200. He earned his living as a farm hand. The amount that he would be required to pay each year toward the support of this child would be at least one-half of his entire earnings. The order is therefore modified so as to require payment of $75 per annum, and, as so modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.

ROSE, J., not sitting.