COX v. STATE.

Opinion delivered April 24, 1911.

1. ASSAULT AND BATTERY—DEFINITION OF BATTERY.—A battery is any violence to the person of another with intent to injure, and, if unjustified, it is unlawful. (Page 91.)

2. SAME—INSTRUCTION—OBJECTION.—If an instruction, in a prosecution for assault and battery, which told the jury to convict if they found that the defendant did strike the prosecuting witness, was objectionable in omitting to state that the battery must be *unlawful,* such objection must be pointed out specifically. (Page 91.)

3. SAME—DEFENSE OF CHILD.—A parent can defend his child against unlawful assault by the other parent; but to justify a battery in such defense it must appear that force was necessary. (Page 91.)

Appeal from Marion Circuit Court; *George W. Reed,* Judge; affirmed.

*Sam Williams,* for appellant.

*Hal L. Norwood,* Attorney General,, and *William H. Rector,* Assistant, for appellee.

FRAUENTHAL, J. The defendant was indicted and tried for the crime of assault and battery committed on the person of his wife, and from a judgment of conviction he has appealed to this court. Upon the trial of the case only two witnesses gave testimony: Mrs. Cox, his wife, and the defendant.

Mrs. Cox testified substantially that she was engaged in milking her cows when her son, who was about fourteen years old, came to assist her; that he brought a whip with him and began striking the cows, and, being unable to get him to desist, she took the whip out of his hand and began whipping him, though she did not hurt him; that he broke away and ran towards the barn where the defendant, his father, was at work, and she ran after him; and that as she ran up to him the defendant struck her with his fist and knocked her down, and while she was down kicked her once or twice. The defendant testified in effect that his wife struck the boy with the whip over the head, and

that he ran down to the defendant with his mother pursuing him, and that as the boy passed him he put out his hand to separate them, and that his wife ran against him, and that both fell. He denied that he struck his wife with his fist, or that he kicked her, or that he hit her at all. He claimed that he simply put out his hand to separate her from the boy, and that as they ran together both of them fell.

The court instructed the jury that they would be warranted in returning a verdict of guilty if they believed to a moral certainty that the defendant did strike, beat or kick Mrs. Cox, his wife; and it is urged by counsel for defendant that the instruction was defective because it did not state that the striking or beating must be unlawful in order to constitute the battery. A battery is any violence committed on the person of another with intent to injure; and, if done without justification, it is necessarily unlawful. We think that the language used by the court in its instruction clearly conveyed this idea to the jury, and they must necessarily have understood therefrom that before the defendant could be convicted he must have laid his hands on the person of his wife unlawfully. But if it should be considered that this instruction is technically erroneous by reason of the omission of the word "unlawful," it was the duty of the defendant to have made a specific objection thereto on this account, and to have called the attention of the lower court specifically to this omission, so that it could have been there corrected. It has been repeatedly held by this court that errors of this kind in an instruction call for specific objection in the trial court.

The court in its instructions also told the jury that a parent has a legal right to correct and punish a child for disobedience, provided such punishment is not excessive; and, in event it is excessive, that such parent would not be subject to corporal punishment by the co-parent, but would be only punishable by the law. And in this connection defendant asked the court to instruct the jury in effect that a parent has the right to use such force as is necessary to protect his child from an unlawful assault made by another, even though made by the other parent; and that if the defendant used only such force as was necessary to defend his child from an unlawful assault made by the mother he would not be guilty. It is urged by counsel for defendant

that the court erred in refusing to instruct the jury as requested by him, because he was thereby deprived of his right of the plea of defense of his child. It is true that a parent has the right to defend his child against an unlawful assault made on him, even as the child would have a right to defend himself. But this defense cannot be successfully maintained where the evidence shows that there was no necessity to use the force in the alleged defense of the child, or where the necessity therefor was past when the force was used. We do not think that the plea of defense of the child was an issue presented by any testimony adduced upon the trial of this case. According to the testimony, both on the part of the State and of defendant, the sole issue involved in this case was whether or not the defendant struck, beat or kicked his wife. The defendant denied that he had either struck, beat or kicked her. He testified that his wife ran against him, and that they both fell, and that he did not hit her. He did not claim in his testimony that he struck his wife in order to protect his child from any assault made by her, but he denied that he struck or hit her at all. The wife testified that the defendant did strike her with his fist, knocking her down, and that he kicked her after she had fallen. It was the province of the jury to determine this question of fact, and we think that there was ample evidence to sustain their finding that the defendant did strike and kick his wife. The judgment will therefore be affirmed.