### Shelton v. Commonwealth.

(Decided October 20, 1925.)

### Appeal from Daviess Circuit Court.

1. Assault and Battery—Evidence Held Not to Require Instruction
on Law of Self-Defense.—Evidence that defendant, caretaker at
fair grounds, either in anger or fear of being run over, threw
open knife at occupants of automobile, striking girl, held not to
require instruction on law of self-defense.
2. Criminal Law—Exclusiion of Evidence that Caretaker of Grounds
Claimed to be Acting Under Orders Held Not Prejudicial Error.—
Where defendant, caretaker at fair grounds, sought to explain
fact that he had thrown open knife at occupants of automobile on
tract by saying that his act was unintentional and inadvertent,
it was not error, or, if error, not prejudicial, to exclude testimony
that he had been instructed by president of fair association to
keep automobile off track.
3. Criminal Law—New Trial on Ground of Newly Discovered Evi-
dence Held Unwarranted.—One convicted of wounding with deadly
weapon by throwing opened knife at occupants of automobile,
which he claimed had just swerved toward him, forcing him to
jump to avoid being hit, held not entitled to new trial on ground
of newly discovered evidence, which was merely cumulative of
prior testimony as to swerving of car and not such as would likely
change result.

C. W. WELLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, Ivo Shelton, was tried in the Daviess cir-
cuit court under an indictment charging him with wound-

ing another with a deadly weapon in sudden heat and passion. He was found guilty by the jury that tried him and his punishment fixed at a fine of $100.00 and imprisonment in jail for six months. He prosecutes this appeal and urges that a new trial should be granted him for the various reasons hereinafter discussed.

It is insisted that the trial court erred in failing to instruct the jury as to the law of self-defense. A consideration of that question makes it necessary to briefly summarize the facts proved. Appellant was caretaker of the grounds of the Owensboro Fair Association. On Sunday afternoon, July 20th, 1924, Miss Hazel Burns and Miss Louise Kittinger, with Haywood Johnson and Fletcher Binion, in a Ford touring car, drove into the fair grounds and around the track. According to their testimony, as they were making the second round of the track, appellant appeared before them and threw up his hands and hollered something to them which they did not understand. As they slowed the car down to learn what he wanted, and as the car passed him, appellant threw something at them which struck Miss Burns on the shoulder and which proved to be an open pocket knife. The blade of the knife penetrated Miss Burns' shoulder, inflicting a wound approximately a half inch long and an inch deep. The wound bled profusely and required medical attention for several days. According to the occupants of the car, when it stopped Binion called to appellant and asked him his name. He in the meantime had picked up the knife which had fallen to the ground and as he approached the car with it held in a threatening manner appellant told Mr. Binion that if he would get out of the car he would tell him who he was. A warrant was issued for appellant that afternoon, and the officer who served it testified that when he arrested him appellant stated that he threw the knife at the young man driving the car and was sorry he had struck the young lady. Appellant's version of the transaction may be best given, perhaps, in his own words. He testified as follows:

"And they had gotten a little piece past the judges' stand and I commenced throwing up my hand, and I was in the middle of the track and they didn't pay me any attention only they got faster it seemed like, and I got back from the middle of the track and they was about 40 feet of me and I was

still waving my hand for them to stop, and they cut the car right towards me and they missed me about two feet, and just as the car was even with me I threw up my hands and jumped back, and I had a knife in my hand. I had been whittling. It was a little old knife and the blade about this long (indicating about one inch), and the whole thing about this long (indicating about the length of the forefinger), and I jumped back and kept them from running over me, and I threw this knife, I guess. I was scared so bad I didn't know what I was doing, and Miss Burns had done turned her back, I guess, to keep from seeing them run over me. They run about 30 or 40 feet past me after this happened and then they stopped as soon as they could, about 40 feet, I guess, and they stopped and some of them in the car asked me what my name was, and I said 'If you will get out I will tell you what my name is. I will see if you can run over me without a car like you can with a car,' and I never picked up my knife until I was walking back up the track going home and I picked it up. Since then I have lost the knife.''

Under those circumstances appellant insists that he was entitled to a self-defense instruction. Appellant's own testimony deprived him of the right to have a self-defense instruction given in this case. He does not pretend that he was acting in self-defense when he threw the knife. There was no testimony for appellant upon which to base a self-defense instruction. Hence none was authorized.

Appellant insists that the trial court erred in excluding from the jury testimony offered by him to the effect that the president of the fair association had instructed him to keep automobiles off the track. Appellant was permitted to testify that he was caretaker of the fair grounds and that he was attempting to stop the car and prevent those in it from driving it on the track. However, he did not testify that he threw the knife at the occupants of the car in an attempt to carry out the instructions that had been given him by the owners of the fair grounds as to keeping automobiles off the track. According to the proof for the Commonwealth appellant intentionally threw the knife and wounded Miss Burns under circumstances authorizing the submission of the question to and the jury's conclusion that he did so in sudden heat

and passion. According to appellant's theory he threw the knife inadvertently and unintentionally and, therefore, was guilty of no crime. Under those circumstances the court can not understand that it was material that appellant be permitted to prove that the owners of the fair grounds had instructed him to keep automobiles off the track. They certainly would not have been authorized to instruct him to assault with a deadly weapon any person found driving an automobile on the track, and the fact that he had received such instructions would not have relieved him of criminal liability for such an assault. The error, if any, in excluding the testimony, was clearly not prejudicial under the facts of the case.

Again, appellant insists that the trial court should have granted him a new trial upon a showing of newly discovered evidence. Appellant admits that the newly discovered evidence insisted upon as being grounds for a reversal is merely cumulative, but that it falls within the exception to the general rule set forth in Torian v. Terrill, 122 Ky. 745, 93 S. W. 10, as follows:

> "The rule that newly discovered evidence which is merely cumulative is not grounds for a new trial allows of some exceptions. For instance, the rule does not apply if the newly discovered evidence, though cumulative, is sufficient to render clear that which was before a doubtful case, or if it is of a conclusive or decisive character, or of so controlling character it would probably change the verdict."

The difficulty in sustaining appellant's contention lies in concluding as he has that the alleged newly discovered evidence possesses the decisive character required to bring it within the exception or that it is of such controlling character as probably to change the verdict. According to the affidavit of the newly discovered witness, he did not see appellant at the time he threw the knife and did not know that he had thrown it, and left the fair grounds without knowing that any one had been wounded. According to his affidavit his testimony would corroborate appellant as to the speed at which the automobile was being driven and as to its being swerved so as to run in the direction of appellant and as to appellant jumping to get out of the way. The transaction that is the subject of this prosecution is the throwing of the knife that wounded Miss Burns. The affidavit of the

newly discovered witness discloses that he did not see that done and did not know that it had been done. Therefore, it would seem that his testimony could not have had any great weight or controlling influence in determining the question presented to the jury in this case. The verdict given, in that it imposed six months' imprisonment in jail, is severe, but is the minimum imprisonment that may be inflicted. On the other hand, the evidence is amply sufficient to sustain the jury's finding that appellant in sudden heat and passion threw the open knife at the occupants of the automobile and severely wounded one of the young ladies: That offense could not well be lightly regarded.

Upon the whole case we find no substantial error upon which to base a reversal.

The judgment is affirmed.