AFFIRMED.

ED SCHLEIF v. STATE OF NEBRASKA.

FILED DECEMBER 23, 1936. No. 29906.

*Stanley Bartos* and *Fred P. Komarek,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Lester A. Danielson, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

EBERLY, J.

In the district court for Thayer county, Ed Schleif hereinafter called defendant, was convicted under the provisions of section 28-411, Comp. St. 1929. From the order of the trial court overruling his motion for a new trial, he prosecutes error to this court.

The first contention of defendant is that the trial court, in its instructions, failed to describe and define the offense of which he was convicted with sufficient certainty. The rule in this state is that, in determining the sufficiency of instructions, they must be considered together "as a whole."

Instruction No. 1, given by the court, is as follows: "This action is brought under a section of the statutes of the state of Nebraska which provides a penalty to be imposed upon whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds an-

other. The complaint under which the state of Nebraska prosecutes the defendant, Ed Schleif, charges that on or about the 8th day of March, 1936, in the county of Thayer and state of Nebraska, the said defendant did make an unlawful assault upon one Ralph J. Darnell, and him, the said Ralph J. Darnell, did then and there strike, beat and wound."

By instruction No. 3 the jury were informed that the defendant had pleaded not guilty, and that that plea had placed the burden on the state to prove beyond a reasonable doubt every material allegation contained in the complaint.

By instruction No. 4 the jury were instructed that the material allegations of the complaint which the state was required to prove included: "1. That the defendant, Ed Schleif, committed an assault upon the prosecuting witness, Ralph J. Darnell, on or about the 8th day of March, 1936. 2. That said assault was committed by the defendant striking, beating and wounding the said Ralph J. Darnell."

Instruction No. 5 informed the jury that "any person who strikes or lays violent hands upon another against the wish and will of such other person is in law guilty of an assault upon such person."

We are committed to the view that, in defining "assault and battery," it is not necessary that the instruction of the court employ the word "unlawful," if words of like import or meaning are used. *Carrall v. State,* 53 Neb. 431, 73 N. W. 939; *Hodgkins v. State,* 36 Neb. 160, 54 N. W. 86; *Cox v. State,* 99 Ark. 90, 136 S. W. 989; *State v. Selby,* 73 Or. 378, 144 Pac. 657; *State v. Cancelmo,* 86 Or. 379, 168 Pac. 721.

It is obvious that the instructions given by the trial court are not vulnerable to the objections now raised by the defendant.

The court did not err in refusing the instruction requested on the subject of self-defense. The record contains no evidence to which such an instruction would be applicable. The facts established by the uncontroverted evidence, including that of defendant, do not support any issue of

self-defense. *State v. Yates,* 132 Ia. 475, 109 N. W. 1005; *Sanders v. State,* 83 S. W. (Tex. Cr.) 712; *Shelton v. Commonwealth,* 210 Ky. 670, 276 S. W. 571.

Neither did the court err in refusing to admit evidence pertaining to a public nuisance alleged to have been created by the complaining witness, and in refusing defendant's tendered instruction relating thereto.

Conceding arguendo the right claimed by defendant to remove the posts planted in the public street or public roadway as a nuisance, such a right must always be so exercised as not to disturb the public peace (46 C. J. 758), and cannot be a justification of a contemporaneous assault on part of the abater. As suggested by counsel for the state, "the only possible theory under which the defendant would have been entitled to exercise force, if he were entitled to abate the alleged nuisance, would have been to have exercised reasonable force to repulse interference from the complaining witness. There is no evidence in the record to the effect that the complaining witness used or attempted to use any force whatever in the effort to. interfere with the actions of the defendant. Consequently, there was no possible basis for the use of any force upon the part of defendant."

We do not find that the court committed reversible error in the admission of the testimony which defendant challenges as hearsay and not constituting *res gestæ. Travelers Ins. Co. v. Mosley,* 8 Wall. (U. S.) 397; *Missouri P. R. Co. v. Baier,* 37 Neb. 235, 55 N. W. 913.

"The admission or exclusion of such evidence rests largely in the discretion of the trial court; such discretion is not an absolute discretion to be exercised arbitrarily but a legal discretion, the abuse of which constitutes reversible error." *Pledger v. Chicago, B. & Q. R. Co.,* 69 Neb. 456, 95 N. W. 1057.

We do not find that the trial court abused its legal discretion in the instant case, or that the rights of the defendant were materially prejudiced by the action of the trial court.

The majority of this court, giving due consideration to the facts disclosed by the record, are of the opinion that the sentence confining the defendant to the jail of the county for 30 days is excessive. We are therefore convinced that we should exercise the power given us by section 29-2308, Comp. St. 1929, and reduce the sentence in this case to a fine of $25 and payment of all costs of the prosecution, which is accordingly done. *Junod v. State*, 73 Neb. 208, 102 N. W. 462; *Lillard v. State*, 123 Neb. 838, 244 N. W. 640.

Finding no reversible error in the record before us, the judgment of the trial court, as above modified, is hereby

AFFIRMED: SENTENCE REDUCED.