STATE OF NEBRASKA, APPELLEE, v. ERNEST LEE HOLLAND,
APPELLANT.

161 N. W. 2d 862

Filed October 18, 1968. No. 36875.

Chambers, Holland, Dudgeon & Beam, for appellant.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

In this criminal prosecution the information charged
that defendant, while confined in the Nebraska Penal
and Correctional Complex, had unlawfully struck and
wounded Reuben Loos. A jury found defendant guilty,
and he has appealed. His contentions concern (1) admis-
sibility of statements made by him in response to official
interrogation, (2) lack of a definition of the word "un-
lawfully" in jury instructions, and (3) constitutionality
of the statute under which he was prosecuted.

Defendant, a prisoner, and Loos, a captain of the

guards, had met about 3:30 p.m., February 9, 1967, in a yard of the penal complex. Either an accidental loss of balance or a blow from defendant's fist during the meeting caused Loos to fall backward and headfirst to the pavement. On the following morning Sergeant Donald E. Mayhew of the Nebraska State Patrol interrogated defendant. Mayhew's account is in part as follows: " * * * (Defendant) said, 'I spun around and cut down on (Loos) * * * struck him with my right fist. * * * I squared off, waiting for him to get up. * * *.' "

The court without the jury held a hearing on the constitutional admissibility of Mayhew's version of defendant's statements. Foundation testimony of Mayhew is summarized as follows: He and Lieutenant Aiken of the guards were already present in the interview room at 8:30 a.m., February 10, 1967, when defendant entered. Mayhew first complied with the requirements of Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. Defendant said he did not wish assistance of counsel at that time. Defendant's statements were not improperly induced. Aiken was present throughout the interrogation.

Mayhew was contradicted by defendant as follows: Lieutenant William Aiken had visited defendant's cell a short time prior to the interrogation, saying, "Get up rebel. I got a couple of guys that want to talk to you.'" Defendant objected, but Aiken persisted: " 'It ain't going to hurt you to go on up and sit around. * * * If you'll * * * talk, I'll give you some cigarettes.'" The two walked together to the interview room, and on the way Aiken threatened defendant as follows: "Aiken says, 'Don't go up there and make a' * * * ass out of myself or he was going to whop me." During the interrogation defendant was not informed of his constitutional rights. He told Mayhew and Aiken that he had not struck Loos, that Loos had fallen accidentally. Mayhew's contrary testimony was untrue. Defendant had been convicted of a felony five times.

The court expressly found waiver and voluntariness, admitting the statements into evidence and complying with this requirement: The trial court's "conclusion that the confession is voluntary must appear from the record with unmistakable clarity." Sims v. Georgia, 385 U. S. 538, 87 S. Ct. 639, 17 L. Ed. 2d 593.

A finding that a statement of an accused is voluntary will not ordinarily be set aside unless the finding is clearly erroneous. Cf. Clark v. State, 79 Neb. 473, 113 N. W. 211, rehearing denied, 79 Neb. 482, 113 N. W. 804; Koenigstein v. State, 103 Neb. 580, 173 N. W. 603; Jackson v. State, 133 Neb. 786, 277 N. W. 92.

Mayhew and defendant alone testified to the interrogation. Faced with defendant's testimony, the State failed to disclose why it was not calling Aiken to the witness stand. It now infers oversight, relying partly on the following record: Prior to the trial the court on motion of defendant directed the clerk to issue a subpoena to "William Aikin, 3101 South 44th Street, Lincoln, Nebraska." The record presents a problem that is difficult but distinguishable from Sims v. Georgia, 389 U. S. 404, 88 S. Ct. 523, 19 L. Ed. 2d 634. We conclude that the findings are not clearly erroneous.

In jury instruction No. 5 on elements of the offense, the court used the word "unlawfully" without definition, stating in part: "That defendant did unlawfully strike and wound Reuben Loos." The jury should have readily understood the instruction. This case was not one in which definition of "unlawfully" in jury instructions was required. See, Schleif v. State, 131 Neb. 875, 270 N. W. 510; Hodgkins v. State, 36 Neb. 160, 54 N. W. 86. See, also, State v. Tull (Mo.), 375 S. W. 2d 100.

The information was laid under subsection (2) of the following section: "(1) Except as provided in subsection (2) * * *, whoever * * * unlawfully strikes or wounds another shall, upon conviction * * * be imprisoned * * * not exceeding six months * * *. (2) Whoever, being confined or in legal custody in the Nebraska Penal and

Correctional Complex or any road camp thereof, whether as trusty or otherwise, or in the State Reformatory for Women * * * unlawfully strikes or wounds another, shall be guilty of a felony and shall, upon conviction * * * be imprisoned * * * not more than five years." § 28-411, R. S. Supp., 1967.

Regarding the subsection, defendant asserts unreasonable classification, special legislation, and deprivation of equal protection and due process in violation of the Fourteenth Amendment to the Constitution of the United States, and Article I, section 3, and Article III, section 18, of the Constitution of Nebraska. The subsection in defendant's view unconstitutionally discriminates between prisoners and others and between prisoners in the institutions named in the subsection and prisoners in jails.

The Legislature with good reason might recognize special needs for discipline and safety in administration of the penal complex and the women's reformatory. See State v. Goodman (Mo.), 425 S. W. 2d 69. The subsection under attack comports with the tradition of general deterrence, special deterrence, and social defense. "* * * a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment." Skinner v. State of Oklahoma ex rel. Williamson, 316 U. S. 535, 62 S. Ct. 1110, 86 L. Ed. 1655. See, also, Finley v. California, 222 U. S. 28, 32 S. Ct. 13, 56 L. Ed. 75; Creigh v. Larsen, 171 Neb. 317, 106 N. W. 2d 187; King v. Swenson (Mo.), 423 S. W. 2d 699. The claims of unconstitutionality are untenable. The judgment is affirmed.

AFFIRMED.