STATE OF NEBRASKA, APPELLANT, V. JUANELL NEAL ET AL., APPELLEES.

191 N. W. 2d 458

Filed November 5, 1971. No. 38245.

Gordon Gobel, for appellant.

Ray C. Simmons, for appellees.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a prosecution for the unlawful possession of marijuana under the provisions of L.B. 326 (sections 28-4,115 to 28-4,142) enacted by the 82nd Session of the Legislature of Nebraska. The district court sustained demurrers to the informations filed against the defendants and ordered them dismissed. The State then obtained leave to docket error proceedings under section 29-2315.01, R. R. S. 1943, to review the orders of the district court. We sustain the exceptions.

The question presented by the parties is the constitutionality of L.B. 326. L.B. 326 is a comprehensive act designed to regulate the use, possession, manufacture, distribution, delivery, and production of drugs and controlled substances. The act generally is patterned after Public Law 91-513, 91st Congress, H. R. 18583, being the federal Comprehensive Drug Abuse Prevention and Control Act of 1970. The defendants were prosecuted under subsection (5) of section 11 of L.B. 326. Subsection (5) and its immediate context, under attack in this case, provide as follows:

"(3) A person knowingly or intentionally possessing a controlled substance, except marijuana, unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this act, shall, upon conviction thereof, be sentenced to a term of imprisonment not less than one year nor more than two years in the Nebraska Penal and Correctional Complex, or a fine of not more than five hundred dollars, or to a term of im-

prisonment in the county jail of not more than six months, or be both so fined and imprisoned.

"(4) Any person knowingly and unlawfully possessing marijuana weighing one pound or less shall, upon conviction thereof, be fined not more than five hundred dollars or shall be sentenced to a term of imprisonment in the county jail of not more than seven days, and shall be held separate and apart from other prisoners, or be both so fined and imprisoned.

"(5) Any person knowingly and unlawfully possessing marijuana weighing more than one pound shall, upon conviction thereof, be sentenced to a term of imprisonment of one year in the Nebraska Penal and Correctional Complex, or shall be fined not more than five hundred dollars, or shall be sentenced to a term of imprisonment in the county jail of not more than six months, or be both so fined and imprisoned.

"(6) If a person is convicted of a violation under this section, as a part of the sentence he shall be required during the period of confinement to attend a course of instruction conducted by the department on the effects, medically, psychologically and socially, of the misuse of controlled substances. He shall also be required to receive medical treatment, while so confined, *for the effect upon him of controlled substances.* If a person is placed on probation, as a condition of probation he shall attend and complete an identical course of instruction conducted by the department and pay a fee of five dollars for the course. As a further condition the person shall be required to receive medical treatment for the effects of controlled substances abuses."

The issue presented by this case is narrow. No dispute appears as to the rationale of the district court's decision. It rests upon the proposition that L.B. 326 fails to define the term "unlawfully" as contained in subsections (4) and (5) of section 11, being the separate penalty provisions of the act for the possession of marijuana. It is asserted, in substance, that since the

term "unlawfully" is not defined in subsections (4) and (5), the statute does not define a crime and, therefore, falls within the prohibition announced by this court in Macomber v. State, 137 Neb. 882, 291 N. W. 2d 674, which holds that no person can be punished in this state for any act or omission which is not made penal by the plain import of the written law.

We agree that a crime must be defined with sufficient definiteness to inform reasonable men of what conduct will render them liable to punishment. State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678; Screws v. United States, 325 U. S. 91, 65 S. Ct. 1031, 89 L. Ed. 1495. Framed in the constitutional context, L.B. 326 must have given the defendants a fair warning of the conduct which the act prohibited or the defendants would have been denied due process of law. In order to meet constitutional standards of due process, a penal statute must be sufficiently clear so that a person of ordinary intelligence has fair notice of what exactly is forbidden conduct under the act. Bouie v. City of Columbia, 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964). We agree that the plain import of the statute, under the doctrine of Macomber v. State, *supra,* must proscribe the conduct sought to be forbidden. As we have recently said, in construing a penal statute this court will give it an interpretation which meets constitutional requirements if it can reasonably be done. State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569; State v. Simants, 182 Neb. 491, 155 N. W. 2d 788. A statute is presumed to be constitutional and unconstitutionality must be clearly established before this court is authorized to declare it void. Evans v. Metropolitan Utilities Dist., *ante* p. 261, 188 N. W. 2d 851. Section 29-109, R. R. S. 1943, of our penal code, requires in the interpretation of a penal statute, that the language of the statute be construed "taking into consideration the context and subject matter relative to which they are employed." It is fundamental that a statute will be examined as a whole in order to ascer-

tain the intent of the Legislature. The fundamental rule of statutory construction, to which other rules of construction must give way, is the ascertainment of the intent of the Legislature. However, in examining the statute to ascertain the intent of the Legislature, a court will not examine an operative provision without likewise examining a provision enumerating exceptions, and the statute shall be considered as a whole, in light of the objects and purposes of the act. Horack, Sutherland, Statutory Construction (3d Ed.), § 4703; School Dist. No. 228 v. State Board of Education, 164 Neb. 148, 82 N. W. 2d 8.

The term "unlawfully" is a word of common usage and as such need not be specifically defined in an instruction or statute. State v. Holland, 183 Neb. 485, 161 N. W. 2d 862; Schleif v. State, 131 Neb. 875, 270 N. W. 510; Carrall v. State, 53 Neb. 431, 73 N. W. 939; Hodgkins v. State, 36 Neb. 160, 54 N. W. 86. As a word of common import the word "unlawfully" generally implies that an act is done which is not authorized by law, in other words, an unauthorized act. We have no difficulty in coming to the conclusion that common usage dictates that "unlawfully" means unauthorized by law and, therefore, our examination is directed toward just what is authorized and just what is not authorized by L.B. 326. The defendants would have us examine only subsections (4) and (5) of section 11. However, section 2 of the act defines marijuana as a "controlled substance." Controlled substances may be lawfully in the possession of a person under circumstances that are outlined in sections 5, 6, 7, 8, 9, and 10 of the act.

As we mentioned before, the act is a comprehensive drug abuse prevention and control act following the federal pattern and must be examined as a whole to determine the clear legislative intent. Section 5 of L.B. 326 sets out the totality of circumstances in which possession of controlled substances (marijuana included) is *authorized.* Section 5, subsection (1), requires registra-

tion of those individuals who manufacture, prescribe, distribute, administer, or dispense controlled substances or those who intend to do so. Section 5, subsection (2), describes nonregistrants who may be "lawfully" possessed of controlled substances. In effect, section 5 says that registrants and those nonregistrants under subsection (2) are authorized by law to possess marijuana; i.e., these designated individuals are capable of having lawful possession of marijuana. Section 5, subsection (2), provides specifically as follows: "The following persons shall not be required to register and may lawfully possess controlled substances under the provisions of this act:  * * *." Section 5, subsection (2)(c) provides as follows:  "An ultimate user or a person in possession of any controlled substance pursuant to a lawful order of the practitioner."  Summarizing, the effect of section 5 is to say that registrants and some nonregistrants under subsection (2) are authorized by law to possess marijuana.  That is, they alone are capable of having lawful possession of marijuana as pointed out above. It seems to us undisputable that lawful possession is defined in the act itself.  It clearly and undisputably informs all who read the act under what conditions a person may possess marijuana.  The comprehensive and detailed provisions of the act in connection with the manufacture and the medical and pharmaceutical dispensing of controlled substances make this even more abundantly clear.  In other words, a person will either possess marijuana under circumstances authorized by law or he will not.  The inference is clear to any person of ordinary intelligence that any other possession than that authorized by the act is unlawful and illegal.  It becomes entirely unnecessary to specifically define the negative term "unlawful."  The dividing line between authorized possession and unauthorized possession appears irrefutably clear from reading the whole act.

Read in this contextual sequence, section 11 of L.B. 326, under attack here, sets out clearly what is a viola-

tion of the act. The wording of section 11, subsections (1), (3), (4), and (5) makes reference in various patterns of words and phrases to conduct which is authorized by the act. For example, in section 11, subsection (1), is the following: "Except as authorized by this act, it shall be unlawful * * *." In subsection (3), is the following: "A person knowingly or intentionally possessing a controlled substance, * * * except as authorized by this act * * *." The intent of the Legislature in passing L.B. 326, as it concerns marijuana possession, is clear. Therein it is plainly stated under what conditions possession of marijuana is lawful. It is clear that the act considers all other possession to be unlawful if it occurs with knowledge.

The defendants would have us examine subsections (4) and (5) of section 11 of the act alone. Such a fragmentized and myopic approach is not permissible under the fundamental rules of statutory construction. Each part of the section should be construed in connection with every other part or section of the act so as to produce a harmonious whole. It is not permissible to confine an interpretation to the one particular section to be construed. It must be construed with reference to the idea or purpose of the whole instrument. Horack, Sutherland Statutory Construction (3d Ed.), § 4703. See, also, School Dist. No. 228 v. State Board of Education, *supra*.

It is true that it is common practice in legislation to state what is unlawful and follow that with a statement of exceptions. We see no vice or mischief in following the converse scheme of affirmatively stating in a statute those conditions under which possession shall be unlawful.

It is elementary that a statute should not be given an unreasonable or absurd construction. Subsections (4) and (5) of section 11 of the act were plainly intended to draw a dividing line in penalties between the possession of one pound of marijuana, more or less. Sec-

tion 28-470, R. S. Supp., 1969, which would be operative in the event L.B. 326 is declared invalid, provides for a minimum sentence of 2 years in prison for the possession of marijuana, with no distinctions made as to amount. These two subsections of section 11 demonstrate conclusively that the legislative intent was to impose a less harsh penalty. Yet the defendants ask us to reach a construction, based on a fragmentized consideration of the penalty provisions, which would result in a harsher sentence under the former penal statute than L.B. 326 provides. Furthermore, the acceptance of the contention that knowing possession of marijuana is lawful under the provisions of L.B. 326 would render meaningless and absurd the detailed and comprehensive provisions providing for the control, manufacture, prescription of, and pharmaceutical dispensing of marijuana. It is clear from an examination of this whole comprehensive act that detailed and rigid regulations, with strong penalties attached, are provided to limit the possession of the ultimate user to only medical and research purposes, other than that possession necessary in the legal manufacture, production, distribution, and delivery for those purposes.

We have examined the other contentions of the defendants and find them to be without merit. The orders of the district court sustaining the demurrers to the informations were incorrect and the defendants should not have been discharged.

EXCEPTIONS SUSTAINED.

McCOWN, J., concurring in result only.

The court's opinion belabors an issue of constitutionality when that issue was never raised by the defendants, and the opinion does not even intimate that the problem here arose from a patent legislative oversight.

BOSLAUGH, J., joining in concurrence.