REQUESTED BY: Dear Senator Venditte:
You have requested our opinion concerning the constitutionality of Request No. 1304 which would amend section28-310 of our statutes to provide for enhanced punishment of third degree assault when such act is committed by a person committed to or in the legal custody of the Department of Correctional Services. Request No. 1304 raises the penalty from a Class I misdemeanor to a Class IV felony.
We assume your concern is whether either the state or federal Constitution would allow legislation providing for an enhanced penalty for an act when committed by a particular class of persons. Our opinion is limited to that issue. Section 28-411(2), R.S.Supp. 1976, contained provisions almost identical to those contained in Request No. 1304. That section provided that a misdemeanor penalty be imposed upon any person who `unlawfully strikes or wounds another' except when a person was `confined or in legal custody in the Nebraska Penal and Correctional Complex * * *, or in the State Reformatory for Women.'
In the case of the latter two classifications of persons, section 28-411 provided for the imposition of a felony penalty. The constitutionality of that section was challenged in State v. Holland, 183 Neb. 485, 161 N.W.2d 862 (1968), and was found not to violate the equal protection provisions of either the state or federal constitution. In so holding the court stated:
 "The Legislature with good reason might recognize special needs for discipline and safety in administration of the penal complex and the women's reformatory. . . . `* * * a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment.' [Citations omitted.]" 183 Neb. at 488.
Therefore, in our opinion, the provisions of Request No. 1304 do not violate the Equal Protection Clause of either our state or federal Constitution.